**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4161

LAUREN ERIC WILHELM,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-97-2)

Submitted: November 30, 1998

Decided: December 17, 1998

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edmund L. Gaines, HOMESLEY, JONES, GAINES, HOMESLEY &
DUDLEY, Statesville, North Carolina, for Appellant. Mark T. Cal-
loway, United States Attorney, Brian L. Whisler, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lauren Eric Wilhelm appeals from his conviction and sentence for attempted possession of cocaine in violation of 21 U.S.C. § 841(a) (1994). We affirm.

Wilhelm first contends that the district court erred in denying his motion for judgment of acquittal. We review this denial under a sufficiency of the evidence standard. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain the conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942). In making this assessment, the government is entitled to all reasonable inferences from the facts established to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To prove that a defendant is guilty of attempted possession of cocaine, the government must show: (1) culpable intent and (2) a substantial step toward the commission of the offense that is strongly corroborative of that intent. See United States v. Pelton, 835 F.2d 1067, 1074 (4th Cir. 1987). Wilhelm contends that the evidence does not demonstrate a substantial step towards the commission of the offense because he did not have the money to purchase the drugs with him. At its essence, his argument is that without the presence of the purchase price, he "[cannot] take a substantial step necessary toward possessing the cocaine."

A "substantial step" is more than mere preparation, but it is less than the last act necessary to constitute completion of the substantive offense. See United States v. Sutton, 961 F.2d 476, 478 (4th Cir. 1992). According to witness testimony, Wilhelm told Vargas, a per-

2

son cooperating with the police, that he had the money to complete the purchase. Taking this statement and its logical inferences in the light most favorable to the Government, a reasonable trier of fact could find that Wilhelm had the funds necessary to purchase the cocaine and that the only step that remained was to physically retrieve the money and exchange it for the drugs in question. We find that this, together with Wilhelm's actions in arranging the transaction, testing the cocaine for quality, indicating satisfaction with the drug, and directing the seller to follow him to the location where the money was waiting, satisfies the "substantial step" requirement of attempt. Accordingly, we affirm the district court's denial of Wilhelm's motion. We have considered the precedent proffered by Wilhelm in his formal brief and find it distinguishable from the facts of his case.

Wilhelm next asserts that the district court erred in attributing three extra kilograms of cocaine to him under the principles of relevant conduct. He argues that the only evidence supporting this figure--his statement to the government's cooperating witness that he did not want to buy more than one kilogram of cocaine because he had just purchased three kilograms a few weeks prior--was not sufficiently reliable and therefore should not have been considered in calculating his sentence.

A district court's factual finding of the relevant quantity of drugs at sentencing is reviewed for clear error. See 18 U.S.C. § 3742(e) (1994); United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996); United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992). The quantity of a drug is not a substantive element of any the crimes involved. Rather, it is merely a sentencing factor which the Government must prove by a preponderance of the evidence. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). In calculating drug amounts, the Guidelines do not require scientific or statistical precision; rather, the court may consider any relevant information, "`provided that the information has sufficient indicia of reliability to support its probable accuracy.'" See Uwaeme, 975 F.2d at 1021 (emphasis in original) (quoting U.S. Sentencing Guidelines Manual, § 6A1.3(a), p.s. (1991)). Consistent with this policy, hearsay alone can provide sufficiently reliable evidence of quantity. See id.

Reviewing the evidence presented at trial, we conclude that Wilhelm's statements, together with his actions, provide sufficient indicia

3

of reliability. Accordingly, the district court's use of these three kilograms in calculating Wilhelm's sentence was not erroneous. <u>See</u> <u>United States v. Kinder</u>, 946 F.2d 362 (5th Cir. 1991) (affirming district court's finding regarding drug quantity in a similar situation). We therefore affirm Wilhelm's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4